UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION



FILED

SEP 25 2007

CLERK

```
*********************************************************************
                               *
TODD SCOFIELD,                 *        CR 04-40015-01
                               *        CIV 07-4012
                Movant,        *
                               *
     -vs-                      *        MEMORANDUM OPINION
                               *           AND ORDER
UNITED STATES OF AMERICA,      *
                               *
                Respondent.    *
                               *
*********************************************************************
```

Todd Scofield filed a motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255, Doc. 228, a motion for returned of seized property under Rule 41(g), Doc. 227, and several other motions, Docs. 232, 237, 238 and 255. Pursuant to the Court's Order, the Government filed a response to the § 2255 motion. The Government also filed a response to the other motions. For the reasons set forth below, all motions, except the motion for return of seized property, will be denied.

## BACKGROUND

Scofield was convicted of conspiracy to possess with intent to distribute and to distribute methamphetamine in violation of 21 U.S.C. §§ 846 and 841(a)(1), being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1) and 924(a)(2), and two counts of distribution of methamphetamine in violation of 21 U.S.C. § 841(a)(1). He was sentenced to 240 months' imprisonment on the conspiracy and distribution of methamphetamine counts and to 120 months' imprisonment on the firearm conviction, all to be served concurrently, and was further sentenced to supervised release. His conviction and sentence were affirmed on appeal to the Eighth Circuit Court of Appeals. *See Untied States v. Scofield,* 433 F.3d 580 (8th Cir. 2006).

The facts of the crimes alleged are set forth in the Eighth Circuit's opinion and will be repeated in this opinion only as necessary to address the claims raised by Scofield. Scofield's co-defendant and alleged co-conspirator was Robert Worshek. They both entered not guilty pleas and proceeded to trial. Scofield had a prior felony conviction for possession of methamphetamine for sale, dated January 20, 1995, in the state of California. Before the trial, the Government filed a Notice of Intent to Seek Increased Punishment Based Upon Prior Conviction, Doc. 85, pursuant to 21 U.S.C. § 851(a), which established the mandatory minimum sentence applicable to Scofield on the conspiracy count at 20 years' imprisonment. *See* 21 U.S.C. § 841(b)(1)(A) (setting the mandatory minimum sentence as 20 years' imprisonment for possessing or distributing 500 grams or more of a mixture or substance containing a detectable amount of methamphetamine for a person that commits that crime after a prior conviction for a felony drug offense has become final). The jury found Scofield guilty of all counts against him. (Verdict, Doc. 149.) The jury likewise found Worshek guilty of all counts against him. (*Id.*)

The Court granted Worshek's Motion for Judgment of Acquittal as to the conspiracy charge and one of the distribution counts, but denied the motion as to one of the distribution counts. (Memorandum Opinion and Order, Doc. 186.) Scofield's Motion for Judgment of Acquittal was denied in all respects. (*Id.*) The Eighth Circuit affirmed Scofield's conviction and sentence but reversed Worshek's remaining distribution count based upon insufficiency of the evidence. *See Scofield*, 433 F.3d at 482.

## DISCUSSION

**1.     Motion for Summary Judgment & Motion for Order Compelling Government to Answer and Motion for Default Judgment**

Scofield filed a Motion for Summary Judgment, Doc. 237, contending that he was entitled to summary judgment because the Government failed to timely answer a motion, Doc. 232, he had filed challenging the disarmament laws. The Court ordered that the Government need not respond to Scofield's similar arguments in his § 2255 motion because the law is clearly established that Congress did not violate the Second Amendment by enacting 18 U.S.C. § 922(g)(1) and (3). *See*

Order, Doc. 230. The Government stated in its response to the summary judgment motion that it did not intend to file a response to Scofield's motion, Doc. 232, because it presented the same arguments that the Court had already determined the Government need not respond to. The Court agrees that Scofield's motion, Doc. 232, presents arguments regarding the alleged unconstitutionality of the disarmament laws, to which the Government was not required to respond. Thus, the Motion for Summary Judgment, Doc. 237, will be denied.

Scofield filed a Motion for Order Compelling Government to Answer and Motion for Default Judgment, Doc. 238, contending that he is entitled to a default judgment because the Government failed to timely answer two motions. The Court previously granted the Government's motions to extend the time to respond to the motions and the Government has filed its responses in accordance with the Court's Orders. (Docs. 239 & 251). Thus, Scofield is not entitled to a default judgment and the motion will be denied.

2.    **Motion Challenging: (1) The Federal Government's Annulment of Protected Rights; (2) The Federal Government's Disarmament Law 18 U.S.C. § 922(g)(1); (3) The Eighth Circuit's Opinions in U.S. v. Wilson, 315 F.3d 972, 973 (8th Cir. 2003) and U.S. v. Waller, 218 F.3d 856, 857 (8th Cir. 2000)**

The arguments presented in this motion, Doc. 232, challenging the constitutionality of 18 U.S.C. § 922(g)(1), are the same type of arguments presented by Scofield in his motion seeking return of property, Doc. 227, and his § 2255 motion, Doc. 228. As the Court earlier ruled, the Eighth Circuit Court of Appeals has held that 18 U.S.C. § 922(g)(1) is not unconstitutional and this Court is bound to follow those rulings. *See United States v. Wilson*, 315 F.3d 972, 973 (8th Cir. 2003) (citing *United States v. Waller*, 218 F.3d 856, 857 (8th Cir. 2000)). Accordingly, Scofield's motion challenging the constitutionality of § 922(g)(1), will be denied.

3.    **Motion to Vacate or Correct Conviction and Sentence Pursuant to 28 U.S.C. § 2255**

A prisoner in custody pursuant to a federal conviction and sentence may move the court that imposed the sentence to vacate, set aside or correct the sentence:

> [U]pon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack.

28 U.S.C. § 2255.

Scofield presents several claims in his § 2255 motion. The first is that he was denied a fair trial and a new trial should be granted because his motion to bifurcate the gun charge from the drug charges resulted in prejudice by the jury learning of his prior felony conviction. If the charges were bifurcated, Scofield argues the jury hearing the drug charges would not have learned of his prior felony conviction. Trial counsel raised this issue, but Scofield claims appellate counsel's failure to pursue this issue on direct appeal constituted ineffective assistance of counsel.

As to Scofield's bifurcation claim, the Government responds that Scofield was not prejudiced because the jury was not informed of the nature of his prior felony. Under Eighth Circuit precedent, there is no prejudice for failure to bifurcate where the government and the defendant stipulate that the defendant has been convicted of a prior felony but do not disclose the nature of the underlying offenses. *See United States v. Brown*, 70 F.3d 979, 980 (8th Cir. 1995); *United States v. Williams*, 923 F.2d 76, 78 (8th Cir. 1991). In the present case, the Government and Scofield stipulated that Scofield was convicted of a crime that involved imprisonment for more than one year and one day. Because of this stipulation, the jury was not told the nature of Scofield's prior felony conviction. Accordingly, he is not entitled to relief for failure to bifurcate the gun charge from the drug charges in this case. *See id.* In addition, failure of his appellate counsel to raise this issue on direct appeal did not amount to ineffective assistance of counsel. *See Dyer v. United States*, 23 F.3d 1424, 1426 (8th Cir. 1994) (holding that a claim of ineffective assistance of counsel must fail where the court rejects as meritless the claim movant asserts counsel should have pursued).

In addition to alleging ineffective assistance of counsel for failure to bifurcate, Scofield contends a new trial should be granted on this basis. A motion for new trial under Rule 33 "is a remedy to be used only 'sparingly and with caution.'" *United States v. Dodd*, 391 F.3d 930, 934

4

(8th Cir. 2004) (quoting *United States v. Campos*, 306 F.3d 577, 579 (8th Cir. 2002)).  Rule 33 provides that a new trial should be granted only where "the interest of justice so requires." FED.R.CRIM.P. 33.  The Court has the discretion to "'weigh the evidence, disbelieve witnesses, and grant a new trial even where there is substantial evidence to sustain the verdict.'" *Dodd*, 391 F.3d at 934 (quoting *Campos*, 306 F.3d at 579).  Having concluded it was proper to deny Scofield's motion to bifurcate, the Court does not find the interest of justice requires a new trial.

The argument set forth in the second and third claims in Scofield's § 2255 motion is that his conspiracy conviction must be dismissed and that both this Court and the Eighth Circuit on direct appeal erred in upholding his conspiracy conviction.  He contends that because Worshek's conspiracy conviction was vacated, the only person he could have conspired with to distribute methamphetamine was Johnson.  Scofield claims Johnson became a government informant as of January 20, 2004, which he contends prohibits a finding of a conspiracy between Scofield and Johnson after January 20, 2004.  Accordingly, Scofield argues, there could have only been a conspiracy between him and Johnson from November 2003 to January 19, 2004, and there is insufficient evidence of such a conspiracy.  He contends there is no evidence that he knew Johnson was intending to distribute the methamphetamine Scofield sold to Johnson between November 2003 and January 19, 2004.  Moreover, Scofield argues there is no evidence of the quantity of methamphetamine Johnson received from Scofield between those dates.  Finally, he claims the jury only found that he conspired with Worshek but did not make a finding that Scofield conspired with Johnson to distribute methamphetamine.  Because Worshek's conspiracy conviction was vacated, Scofield contends his conspiracy conviction should likewise be vacated.

The Government responds to Scofield's arguments regarding his conspiracy conviction by citing *Harris v. Rivera*, 454 U.S. 339, 345 (1981), for the proposition that the verdict against one co-conspirator can stand where the other conspirators are acquitted.  Also, the Government cites *United States v. Powell*, 469 U.S. 57, 69 (1984), for its holding that, "there is no reason to vacate [a defendant's] conviction merely because the verdicts cannot  rationally be reconciled."  The Government argues the fact that guilty verdicts against Scofield's co-defendant, Worshek, were vacated has no bearing on Scofield's conviction.  Moreover, the Government contends Johnson

conspired with Scofield to distribute methamphetamine before Johnson became an informant and cooperated with law enforcement.

Scofield's arguments regarding insufficiency of the evidence to sustain his conspiracy conviction were previously considered by this Court in ruling on his Motion for Judgment of Acquittal and have also been considered by the Eighth Circuit on direct appeal. *See Scofield*, 433 F.3d at 585. A motion under § 2255 is not the proper avenue for challenging this Court's ruling on his Motion for Judgment of Acquittal and the Eighth Circuit's decision on direct appeal. Rather, the proper avenue for challenging those decisions was to seek a writ of certiorari from the Supreme Court. Scofield's application for writ of certiorari seeking to challenge the Eighth Circuit's affirmance of his conviction and sentence on direct appeal was denied by the Supreme Court. Thus, the claim that the evidence was insufficient to sustain his conspiracy conviction has been conclusively decided by the federal courts and cannot be relitigated in these collateral proceedings. Accordingly, relief will be denied on the second and third claims in Scofield's § 2255 motion. Although Scofield generally alleges ineffective assistance of counsel in the last claim in his § 2255 motion, he cannot prevail on that claim relating to the conspiracy conviction because both trial counsel and appellate counsel raised these issues in the post-conviction motion and on direct appeal and he does not allege any facts to establish deficient performance in pursuing this claim.

The fourth claim presented by Scofield is dependent upon the conspiracy conviction being vacated. He claims that he should be resentenced only under Count Four of the indictment, charging him with distributing 50 grams or more of methamphetamine, which he claims would result in a sentencing range of 63 to 78 months. In light of the Court's ruling on the second and third claims in the § 2255 motion, the fourth claim is moot. Thus, Scofield is not entitled to relief on his fourth claim.

The fifth claim in Scofield's § 2255 motion is that 18 U.S.C. § 922(g)(1) is unconstitutional. The Court previously ruled that Scofield is not entitled to relief on this claim in the Court's Order directing the Government not to respond to this argument, Order, Doc. 230. *See Wilson*, 315 at 973 (citing *Waller*, 218 at 857) (recognizing the Eighth Circuit's "established precedent upholds the

6

constitutionality of § 922(g)(1)"). Scofield is not entitled to relief on his claim that § 922(g)(1) is unconstitutional.

The sixth claim in Scofield's motion is that the Federal Government lacked jurisdiction in this case. Scofield was charged with violating 21 U.S.C. §§ 841(a)(1) and 846 and 18 U.S.C. §§ 922(g)(1) and 924(a)(2), over which this Court has original jurisdiction. *See* 18 U.S.C. § 3231 (providing that "[t]he district courts of the United States shall have original jurisdiction, exclusive of the courts of the States, of all offenses against the laws of the United States."). This claim also presents another attack on the validity of 18 U.S.C. § 922(g)(1). Relief under § 2255 will be denied on the sixth claim for the same reasons as relief was denied on the fifth claim as it relates to the constitutionality of 18 U.S.C. § 922(g)(1) and on the basis of the Court's original jurisdiction under 18 U.S.C. § 3231.

The seventh claim presented by Scofield is that his two point enhancement for a dangerous weapon must be vacated. This enhancement was made in the calculation of the offense level under USSG § 2D1.1. Scofield's sentence on Count One, however, was based upon the 20-year mandatory minimum set forth in 21 U.S.C. § 841(b)(1)(A), rather than the calculation under USSG § 2D1.1, because the mandatory minimum was higher than the range of imprisonment determined under USSG § 2D1.1. *See* USSG § 5G1.1(b) (providing that "[w]here a statutorily required minimum sentence is greater than the maximum of the applicable guideline range, the statutorily required minimum sentence shall be the guideline sentence."). The total offense level calculated under the United States Sentencing Guidelines was 34 and Scofield's criminal history category was III. This resulted in a range of imprisonment of 188 to 235 months, but the mandatory minimum was 240 months. Thus, the enhancement for a dangerous weapon under USSG § 2D1.1 did not affect the term of imprisonment imposed by the Court in this case. The 10-year term of imprisonment for being a felon in possession of a firearm is to be served concurrent to the 20-year term of imprisonment on the conspiracy conviction. This claim will be denied.

The eighth claim in Scofield's § 2255 motion is for ineffective assistance of counsel in failing to raise the above issues. The Supreme Court set forth the standard by which claims for ineffective assistance of counsel are to be evaluated:

> First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as "counsel" guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable.

*Strickland v. Washington*, 466 U.S. 668, 687 (1984). The deficiency prong is met when the defendant shows that counsel's representation fell below the "'range of competence demanded of attorneys in criminal cases.'" *Id.* at 688 (quoting *McMann v. Richardson*, 397 U.S. 759, 770-71 (1970)). The prejudice prong is met when the defendant shows that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* The Court "must indulge a strong presumption that [trial] counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action 'might be considered sound trial strategy.'" *Id.* at 689 (quoting *Michel v. Louisiana*, 350 U.S. 91, 101 (1955)); *see Parker v. Bowersox*, 188 F.3d 923, 928 (8th Cir. 1999) (same).

As explained above, the second and third claims in this motion were pursued by both trial counsel and appellate counsel. The fourth, fifth, sixth and seventh claims have no merit, and, therefore, Scofield cannot establish a claim of ineffective assistance of counsel on those grounds. *See Dyer v. United States*, 23 F.3d 1424, 1426 (8th Cir. 1994) (holding that a claim of ineffective assistance of counsel must fail where the court rejects as meritless the claim movant asserts counsel should have pursued).

In Scofield's Objections to the Government's Response to his 28 U.S.C. § 2255 Motion, Doc. 244, he raises additional arguments and claims to those raised in his § 2255 motion. Scofield further argues the Government did not respond to the factual allegations and legal arguments raised

8

in his motion. The Court finds that the Government adequately responded to Scofield's factual and legal claims set forth in his § 2255 motion.

One of the new claims raised in his Objections, Doc. 244, is that he was the victim of sentencing entrapment "to gain greater punishment" of Defendant. (Doc. 244 at p. 68.) He claims the government should have arrested him after the first controlled buy, but:

> ... to make themselves "look good," the federal officers in "bad faith," neglected their duty in arresting Petitioner in hopes of encouraging him to commit a second crime, by selling the federal officers more drugs, thus, "stacking up" a large drug weight, therefore, a much larger sentence, thus, making themselves "look good" at the expense of a citizen, which the Government has enticed into committing a crime. When in fact, had the federal officers not neglected their duty in the first instance the second crime would not have been committed.

(Doc. 244 at p. 68.) Scofield's claim appears to involve elements of both a sentencing entrapment and a sentencing manipulation claim.

"Sentencing entrapment occurs when official conduct leads a defendant predisposed to deal only in small quantities of drugs to deal in larger quantities, leading to an increased sentence." *United States v. Berg*, 178 F.3d 976, 981 (8th Cir. 1999). In contrast to sentencing entrapment, "sentencing manipulation focuses on 'whether the government stretched out the investigation merely to increase (the defendant's sentence)[.]'" *United States v. Mai Vo*, 425 F.3d 511, 514 (8th Cir. 2005) (quoting *United States v. Shephard*, 4 F.3d 647, 649 (8th Cir. 1993)). In *United States v. Calva*, 979 F.2d 119, 122-23 (8th Cir. 1992), the Eighth Circuit explained that, "[p]olice must be given sufficient leeway to construct cases built on evidence that proves guilt beyond a reasonable doubt. Police also must be given leeway to probe the depth and extent of a criminal enterprise, to determine whether coconspirators exist, and to trace the drug deeper into the distribution hierarchy." 979 F.2d at 123.

In the present case, two controlled buys from Scofield were completed by Wayne Johnson, a confidential informant. The two buys took place on two different occasions, January 21, 2004 and February 4, 2004. In several cases, the Eighth Circuit rejected sentencing entrapment and

sentencing manipulation claims involving significantly more controlled buys by undercover officers and confidential informants than the two controlled buys involved in Scofield's case. *See, e.g., Mai Vo*, 425 F.3d at 512 (involving eight undercover buys from the defendant); *United States v. Shephard*, 4 F.3d 647, 648 (8th Cir. 1993) (involving 12 undercover buys); *Calva*, 979 F.2d at 121 (involving 13 undercover buys). The Court finds the two controlled buys in this case do not rise to the level of sentencing entrapment or sentencing manipulation and Scofield is not entitled to relief on this claim. Moreover, the Court does not find that Scofield is entitled to relief under § 2255 on any of the additional arguments raised in his Objections, Doc. 244.

For the reasons set forth above, Scofield is not entitled to relief on any of the claims set forth in his § 2255 motion. In addition, the Court finds Scofield is not entitled to an evidentiary hearing because additional evidence is not necessary to decide the merits of his pending motion. *See United States v. Schmitz*, 887 F.2d 843, 844 (8th Cir. 1989) (holding that an evidentiary hearing is not required "where the files and records of the case conclusively show that the petitioner is not entitled to relief.'"); *Hill v. Lockhart*, 474 U.S. 52, 60 (1985) (affirming the district court's refusal to hold a hearing on § 2255 petitioner's ineffective assistance of counsel claim where he failed to allege the kind of prejudice necessary to satisfy the second half of the *Strickland v. Washington* test).

When the district court has denied a motion under 28 U.S.C. § 2255, the movant may not appeal without a certificate of appealability. Such a certificate may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." *See* 28 U.S.C. § 2253(c). A "substantial showing" under this section is a showing that "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). In other words, a "substantial showing" is made if "a court could resolve the issues differently, or the issues deserve further proceedings." *Cox v. Norris*, 133 F.3d 565, 569 (8th Cir. 1997). Scofield has not made a substantial showing of the denial of a constitutional right.

**4.    Motion Pursuant to FED.R.CRIM.P. 41**

Seeking the return of property, including currency and guns, Scofield filed a motion pursuant to FED.R.CRIM.P. 41(g), asking that the Court order the Government to return the items seized from

10

his home at 1025 North Van Eps Avenue, Sioux Falls, South Dakota on February 5, 2004. The Government responded to the motion and filed a copy of a Default Judgment entered by the state court, which was signed on March 18, 2004. The Default Judgment authorized the state authorities to dispose of the property according to law. The Government did not, however, submit any evidence establishing whether the federal agents had custody or possession of the currency and guns or whether it used them as evidence. *See United States v. Burton*, 167 F.3d 410, 410-11 (8th Cir. 1999) (reversing the denial of a defendant's motion pursuant to Rule 41 because the district court denied the motion "without receiving evidence to determine who had custody or possession of the subject property."); *Ball v. United States*, 193 F.3d 998, 999 (8th Cir. 1999) (recognizing that the federal government is not accountable for state seized items that it never possessed or used as evidence) (citing *United States v. Huffhines*, 986 F.2d 306 (9th Cir. 1993)). Rule 41(g) provides that, "[t]he court must receive evidence on any factual issue necessary to decide the motion."

The Court notes that one pistol Scofield seeks to have returned is a Glock, model 20, 10 mm semi-automatic pistol, bearing serial number DRS024US, which was the firearm Scofield was convicted of possessing and was used as evidence in the jury trial in this case. The Government generally alleges it never possessed the currency and guns Scofield seeks to have returned, but does not address the fact that at least one of those guns was used as evidence by the Government in prosecuting the charges against Scofield in this Court. Moreover, the Government has introduced no evidence to support its arguments. Both parties will be given an opportunity to present evidence on the factual issues necessary to decide Scofield's Rule 41(g) motion.

**5.    Motion to Strike**

Scofield filed a Motion to Strike, Doc. 255, seeking to strike the Government's reply brief, Doc. 254, filed on July 20, 2007. The Court recognizes the Government's reply brief was not requested by the Court and is not authorized by Rule 5 of the Rules Governing Section 2255 Proceedings for the United States District Courts. Scofield's objections to the Government's answer and response to Scofield's § 2255 motion and Rule 41 motion, Docs. 243 and 244, however, raised new issues that Scofield had not raised in his initial motion. Given that Scofield's reply raised new

11

issues, the Court will deny the Motion to Strike. The Court considered the additional arguments set forth by Scofield in his Motion to Strike in ruling on the pending motions in this case. Accordingly,

IT IS ORDERED:

1.    That Todd Scofield's Motion for Summary Judgment, Doc. 237, is denied.

2.    That Todd Scofield's Motion for Order Compelling Government to Answer and Motion for Default Judgment, Doc. 238, is denied.

3.    That Todd Scofield's § 2255 Motion, Doc. 228, is denied with prejudice.

4.    That, on or before October 30, 2007, the United States shall file and serve evidence regarding who has custody or possession of the property Todd Scofield seeks to have returned in his Rule 41 Motion, Doc. 227. If Todd Scofield has any evidence on this issue, he may file and serve such evidence on or before October 30, 2007.

5.    That Todd Scofield's Motion to Strike, Doc. 255, is denied.

6.    That a certificate of appealability shall not issue in this action.

Dated this __25th__ day of September, 2007.

BY THE COURT:

Lawrence L. Piersol
United States District Judge

ATTEST:
JOSEPH HAAS, CLERK
BY: _Shelly Margulies_
    (SEAL)        DEPUTY

12